**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4228

ANDREW CARLESTA KING,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-97-226)

Submitted: September 29, 1998

Decided: December 15, 1998

Before WILKINS and LUTTIG, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bryan E. Gates, Jr., Winston-Salem, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, John W. Stone, Jr.,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andrew Carlesta King and Russell Wright robbed a bank in James-town, North Carolina, on September 22, 1997. The next day, they robbed another bank in Burlington, North Carolina, and were cap-tured immediately afterward. King subsequently pled guilty to an information charging armed robbery of the Jamestown bank, see 18 U.S.C.A. § 2113(d) (West Supp. 1998), and to Counts Two and Three of an indictment charging armed robbery of the Burlington bank and carrying and using a firearm during a crime of violence, see 18 U.S.C.A. § 924(c) (West Supp. 1998). King was sentenced as a career offender to a term of 410 months imprisonment. See U.S. Sentencing Guidelines Manual § 4B1.1 (1995). He appeals the sentence, contend-ing that the district court erred in finding that he had not accepted responsibility for his offense because he denied striking one of the bank employees with the shotgun he carried during the robberies. See USSG § 3E1.1. We affirm.

During the Jamestown bank robbery, branch manager Patricia Scoggin was struck several times with the butt of a gun on her left hip or buttock and once on her shoulder. She was not sure whether all the blows had been dealt by the same robber. After his guilty plea, King admitted in his interview with the probation officer that he car-ried a sawed-off shotgun in both robberies. However, in his written objections to the presentence report, King denied striking Ms. Scog-gin. At sentencing, the district court heard testimony from Ms. Scog-gin and Helen Rodriguez, a teller in the Jamestown bank, and reviewed a series of bank photographs which recorded the robbery. The court determined that it was indeed King who struck Scoggin with the shotgun. Finding that King had frivolously objected to part of his relevant conduct which was described in the presentence report, the district court found that he had not accepted responsibility. The court considered imposing a two-level enhancement for bodily injury,

2

see USSG § 2B3.1(b)(3)(A) (Scoggin had been severely bruised), but did not do so because King's career offender sentence made the enhancement unnecessary.

A defendant has the burden of demonstrating to the district court that he has accepted responsibility for his offense. See United States v. Myers, 66 F.3d 1364, 1371 (4th Cir. 1995). The commentary to USSG § 3E1.1 provides that, to earn a reduction for acceptance of responsibility, a defendant must truthfully admit the conduct underlying the offense of conviction and truthfully admit--or not falsely deny--any additional relevant conduct for which he is accountable. See USSG § 3E1.1, comment. (n.1(a)). A defendant need not admit relevant conduct which is outside the offense of conviction; however, falsely denying, or frivolously contesting, relevant conduct that the court determines to be true is conduct "inconsistent with acceptance of responsibility." Id. The district court's decision as to whether a defendant has accepted responsibility is a factual determination which we will affirm unless it is clearly erroneous. See United States v. Curtis, 934 F.2d 553, 557 (4th Cir. 1991).

King asserts that he earned the adjustment by admitting his involvement in the bank robberies and entering a guilty plea, and claims that he was not required to admit anything further. He argues that his objection to being identified as the robber who struck Ms. Scoggin was not frivolous because "no witness was able to positively identify which defendant struck any particular blow." We find that King denied a portion of his relevant conduct in the face of his own admission that he carried the shotgun and persisted in his denial despite conclusive evidence that he used the gun to strike most, and possibly all, of the blows to Scoggin. King's denial was frivolous and the district court did not clearly err in finding that he had not accepted responsibility for his offense.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3